UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
────────────────────────────────

STEVEN CHARLOTTEN,

          Plaintiff,

   -against-

OFFICER LAWRENCE HEID, ALBANY POLICE
DEPARTMENT; THE CITY OF ALBANY; JOSEPH
MUIA, ESQ., ASSISTANT CONFLICT DEFENDER;
GASPAR CASTILLO, ESQ., ALBANY COUNTY
CONFLICT DEFENDER; AND THE ALBANY COUNTY
CONFLICT DEFENDER,

          Defendants.

────────────────────────────────

COMPLAINT AND DEMAND
FOR JURY TRIAL

CIVIL ACTION
NO._____

HON._____

HON._____

     Plaintiff, Steven Charlotten, by his attorney, Lewis B. Oliver,

Jr., Esq., Oliver & Oliver, as and for his complaint, alleges as

follows:

### STATEMENT OF THE CASE

    1.   This is an action for unlawful arrest, malicious

prosecution, violation of the Fourth Amendment, legal malpractice,

and violation of the Sixth Amendment, in which the plaintiff, Steven

Charlotten, seeks compensatory and punitive damages from the

defendant police officer Heid who arrested and prosecuted him for

a nonexistent crime and the attorneys who represented him in County Court, Albany County, and advised him to plead guilty to a nonexistent crime and serve to 1 1/3 to 4 years in state prison.

JURISDICTION

2.    Plaintiffs' second, fourth, and sixth claims are pursuant to 42 USC §§ 1983 and 1988 against defendant Heid for violation of plaintiff's clearly established federal constitutional rights under the Fourth Amendment to the United States Constitution to be free from unreasonable seizure through illegal detention and malicious prosecution, and against the defendants Muia, Castillo, and Albany County Conflict Defender for violation of plaintiff's clearly established constitutional right under the Sixth Amendment to the United States Constitution to the effective assistance of assigned counsel.

3.    This Court has original jurisdiction over plaintiff's second, fourth, and sixth claims pursuant to 28 USC §§ 1331 and 1343 (3) and (4), since this action seeks redress for the violation of plaintiff's federal constitutional and civil rights.

4.    Plaintiff's first, third and fifth claims are against defendants for their violations of plaintiff's clearly established

−2−

rights under the common law of the State of New York to be free from false arrest, malicious prosecution, and legal malpractice.

5.    This Court has supplemental jurisdiction over plaintiff's first, third, and fifth claims that are so related to the within federal claims that they form part of the same case or controversy pursuant to 28 USC § 1367(a).

THE PARTIES

6.    At all times relevant to this complaint, plaintiff Steven Charlotten resided at 3990 Albany Street, Schenectady, New York 12304, or in a prison operated by the New York State Department of Correctional Services.

7.    Defendant Lawrence Heid was a police officer with the Police Department of the City of Albany, and the principal offices of the City of Albany are located at City Hall, 24 Eagle Street, Albany, New York 12207.

8.    Defendant City of Albany is a municipality organized under the General City Law and Second Class Cities Law which operates the Police Department of the City of Albany which employs defendant Heid, and the principal offices of the City of Albany are located at City Hall, 24 Eagle Street, Albany, New York 12207.

9.     Defendant Joseph Muia, Esq., upon information and belief, is an attorney duly admitted to the practice of law in New York State, and at all times relevant to this complaint, defendant Muia was employed as an Assistant Conflict Defender by the office of the Albany County Conflict Defender which has its principal office located at Suite 1220, 112 State Street, Albany, New York 12207.

10.    Defendant Gaspar M. Castillo, Esq., upon information and belief, is an attorney duly admitted to the practice of law in New York State, and at all times relevant to this complaint, defendant Castillo was employed as an the Conflict Defender by the office of the Albany County Conflict Defender which has its principal office located at Suite 1220, 112 State Street, Albany, New York 12207.

11.    The Albany County Conflict Defender is an agency of municipal government of Albany County which represents indigent criminal defendants in Albany County who can not be represented by the Albany County Public Defender because of conflict of interest pursuant to New York County Law 18-C, and the Albany County Conflict Defender  has its principal office located at Suite 1220, 112 State Street, Albany, New York 12207.

12.    Defendants Heid, Muia, and Castillo are sued individually

—4—

and in their official capacity.

13.    At all times relevant to this complaint, in doing the acts and things hereinafter complained of, defendant Heid was acting within the scope of his employment as a police officer of the City of Albany and was using his authority in furtherance of his employer's interests and was acting in his capacity as a police officer, and said defendant was acting under color of state law.

14.    Defendant Heid's acts hereinafter complained of were carried out intentionally, recklessly, with malice and gross disregard and callous indifference for plaintiff's rights.

15.    At all times relevant to this complaint, in doing the acts and things hereinafter complained of, defendants Muia and Castillo were acting within the scope of their employment with the Conflict Defender of the County of Albany and were using their authority in furtherance of their employer's interests and were acting in their capacity as Conflict Defenders, and said defendants were acting under color of state law.

16.    Defendants Muia's and Castillo's acts hereinafter complained of were carried out intentionally, recklessly, with malice and gross disregard and callous indifference for plaintiff's

rights.

## STATEMENT OF FACTS

17.    On March 19, 2005 defendant Heid arrested plaintiff for criminal contempt in the first degree in violation of Penal Law 215.51, a class E felony, in that plaintiff allegedly violated a duly served  order of protection issued by Judge Carter in Albany City Court Criminal Part on December 25, 2004 by having contact with a particular female.

18.    On March 19, 2005 officer Heid swore out a criminal information in Albany City Court Criminal Part against plaintiff charging him with contempt in the first degree for violating the duly served order of protection issued by Judge Carter in Albany City Court on December 25, 2004

19.    Albany City Court Judge Carter had not issued any order of protection concerning plaintiff on December 25, 2004.

20.    Officer Heid had no probable cause to arrest or prosecute plaintiff for contempt of the order of protection on March 19, 2005.

21.    According to the New York Criminal Procedure Law 530.13, any order of protection issued by the court must be signed by the person who is the subject of the order in open court.

22.   According to the New York Criminal Procedure Law 530.13(5), any temporary order of protection issued by the Albany City Court must be filed with the Court Clerk and with the Police Department of the City of Albany.

23.   There was no order of protection issued by Albany City Court Judge Carter on December 25, 2004 on file with the Albany City Court or with the Albany Police Department.

24.   Plaintiff made numerous appearances in Albany City Court Criminal Part on the charges of contempt in the first degree.

25.   Eventually plaintiff was notified that the charges of criminal contempt in the second degree would be presented to an Albany County grand jury.

26.   On August 10, 2005 an Albany County grand jury was scheduled to meet in the Albany County Courthouse to consider indicting plaintiff for criminal contempt.

27.   Plaintiff had notified the Albany County District Attorney's office that he wished to testify before the grand jury.

28.   Plaintiff was produced to testify before the grand jury on August 10, 2005, and expected to testify that he had never received an order of protection issued by Judge Carter on December 25, 2004.

–7–

29.     On August 10, 2005, plaintiff was represented before the grand jury by Joseph Muia, Esq., an Assistant Conflict Defender from the Albany County Conflict Defender's office.

30.     While plaintiff was waiting to appear before the grand jury on August 10, 2005, defendant Muia advised and encouraged plaintiff to enter into a guilty plea to the crime of criminal contempt in the first degree for violating the order of protection issued by Judge Carter in Albany City Court on December 25, 2004.

31.     While waiting to appear before the grand jury, defendant Muia entered into discussions with an Albany County Assistant District Attorney concerning a plea bargain.

32.     Defendant Muia reached an understanding with an Albany County Assistant District Attorney that plaintiff would plead guilty to criminal contempt in the first degree by Superior Court Information and then receive a sentence of one to three years in state prison.

33.     Defendant Muia persuaded plaintiff to plead guilty to criminal contempt in the first degree, with a sentence promise of one to three years in state prison.

34.     On August 10, 2005 defendant Muia arranged for plaintiff's

—8—

case to be placed on the calendar in Albany County Court before Hon. Stephen Herrick, Albany County Court Judge.

35.    On August 10, 2005 plaintiff appeared before Hon. Stephen Herrick in Albany County Court.

36.    Defendant Muia and the Assistant District Attorney also had off the record discussions with County Court Judge Herrick and communicated the plea bargain in which plaintiff would plead guilty to criminal contempt in the first degree for violating the order of protection issued by Albany City Court Judge Carter on December 25, 2004.

37.    On August 10, 2005 plaintiff waived indictment and pled guilty to a Superior Court Information charging him with criminal contempt in the first degree by violating the order of protection issued by Albany City Court Judge Carter on December 25, 2004 in exchange for a sentence promise of one to three years in state prison.

38.    During the plea proceedings, plaintiff stated that "I never received a copy but according to them they have the Order of protection***No, Your Honor.  But I haven't seen it, Your Honor***I never signed it***" [Minutes of Plea 8/10/05, at pp. 29-30].

39.    Despite plaintiff's statement that he never signed the

order of protection allegedly issued by Judge Carter on December 25, 2004, defendant Muia encouraged and counseled plaintiff to plead guilty.

40.    Judge Herrick accepted a plea of guilty based on defendant Muia's representation that he joined in the application [Minutes of Plea 8/10/05, at pp. 6, 10, 21], and set down the sentencing for October 12, 2005.

41.    Plaintiff appeared for sentence before County Court Judge Herrick on October 12, 2005, and defendant Muia was present and appeared in court but subsequently left the courtroom.

42.    Since Mr. Muia did not return, plaintiff was represented at sentencing by Gaspar Castillo, Esq., Albany County Conflict Defender.

43.    At sentencing, plaintiff advised Mr. Castillo that at the time of his arrest he was not aware of the order of protection he pled guilty to.  In addition, plaintiff told the court "Is that a valid order of protection?  I pleaded guilty because I needed to tend to my affairs.  Otherwise I would have to stay in Albany County Jail for the remainder of the time.  This individual just calls the cops on me at any time she sees me on the street.  And they come and arrest

me for no reason, without me doing anything.  And I don't think that's proper or right." [Minutes of Sentence 10/12/05, at pp. 11-12].

44.    At sentencing on October 12, 2005 County Court Judge Herrick issued a sentence to state prison for an indeterminate term of 1 1/3 to 4 years, the maximum sentence for a class E felony.

45.    On or about October 12, 2005 plaintiff Charlotten was incarcerated in a state prison operated by the New York State Department of Correctional Services.

46.    Plaintiff made numerous requests to the Albany County Conflict Defender and the City Court of the City of Albany for a copy of the order of protection issued by Judge Carter on December 25, 2004, and/or a copy of the transcript of his appearance before Judge Carter on December 25, 2004, but never received a copy of the order or the minutes until subsequent to August 14, 2006.

47.    On or about June 10, 2006 plaintiff commenced a motion to vacate judgment pursuant to CPL 440.10, and in an affidavit in support of motion to vacate judgment dated June 9, 2006 (paragraph 5) plaintiff acting pro se alleged that a temporary order of protection issued by Albany City Court Judge Carter on December 25, 2004 which was to remain in effect until June 25, 2005, became invalid when he

—11—

pled guilty to the underlying charge before Albany City Court Judge John E. Egan, Jr. on February 18, 2005 and Judge Egan did not make the order permanent, and therefore his plea to criminal contempt in Albany County Court on August 10, 2005 based on the same temporary order of protection was unlawful and should be vacated.

48.    On June 29, 2006 Hon. Stephen W. Herrick, Albany County Court Judge, issued a Decision and Order which denied plaintiff's CPL 440.10 application.

49.    On July 24, 2006 plaintiff made an application for permission to appeal the Decision of Judge Herrick to the Appellate Division, Third Department.

50.    On August 29, 2006 Hon. Karen J. Peters, Associate Justice, Appellate Division, Third Department, granted an Order Pursuant to Criminal Procedure Law 460.15 granting permission for plaintiff to appeal from the Order of County Court Judge Herrick dated June 29, 2006 to the Appellate Division, Third Department.

51.    On or about August 14, 2006 Jacqueline A. Ravena, an official court reporter, provided plaintiff with official transcripts of his arraignment in Albany City Court, Criminal Part on December 25, 2004, with a copy of the official transcript of his

plea in the City Court of the City of Albany, Criminal Part on February 18, 2005, and with a copy of the official transcript of his sentencing in the City Court of the City of Albany, Criminal Part on March 14, 2005.  Plaintiff had requested these transcripts on numerous occasions in the past, but they were not provided until after August 14, 2006.

52.    These transcripts established that the plaintiff never appeared before Judge Carter in Albany City Court on December 25, 2004, but had appeared before Judge John E. Egan, Jr., and that on February 18, 2005, when plaintiff pled guilty before Judge Egan he did not extend the temporary order of protection and did not issue a permanent order of protection.

53.    These transcripts established that on March 19, 2005, when plaintiff was arrested for violating the order of protection issued by Judge Carter on December 24, 2004, in fact there was no order of protection in existence which had been issued by either Judge Carter or Judge Egan.

54.    On or about October 2, 2006 plaintiff commenced a second motion to vacate judgment pursuant to CPL 440.10, and in an affidavit in support of motion to vacate judgment dated October 2, 2006

plaintiff acting <u>pro</u> <u>se</u> alleged that the temporary order of protection issued on December 25, 2004 by Albany City Court Judge Carter had been extinguished and was no longer in force and effect when plaintiff pled guilty before Judge Egan on February 28, 2005 and Judge Egan did not make the order permanent, and therefore his plea to criminal contempt in Albany County Court on August 10, 2005 based on the extinguished temporary order of protection was unlawful and should be vacated.

55.     In his affidavit in support of the second motion to vacate judgment, plaintiff alleged he was not certain of the relevant facts and law until he obtained copies of the transcripts of court proceedings to discuss the legal issues with his appellate counsel, Ms. Jane M. Bloom, Esq. [See Affidavit in Support of Motion to Vacate Judgment by Steven Charlotten dated October 2, 2006, at paragraph 2].

56.     Further, in his affidavit in support of the second motion to vacate judgment, plaintiff alleged a temporary order of protection issued on December 25, 2004 had been extinguished and was no longer in force and effect when he pled guilty to the charge before Judge Egan on February 28, 2005 [paragraph 5]; that when he was arrested

on March 19, 2005 by officer Heid the arrest was illegal; that on August 10, 2005 plaintiff had been informed by his Albany County Conflict Defender attorney that he had no legal defense against the charge of violating the temporary order of protection issued by Judge Carter in Albany City Court on December 25, 2004 and that it was in his best interests to accept the proposed plea bargain made by the District Attorney [at paragraph 8]; that defense counsel never advised plaintiff that in fact the temporary order had been extinguished and was no longer in force of effect at the time of the March 18, 2005 arrest [paragraph 10]; that defense counsel Muia fell well below the competency standard, and that but for counsel's errors plaintiff would not have pled guilty and would have insisted on going to trial [paragraph 10]; that defense counsel failed to inform defendant that no crime was committed on March 19, 2005 because the temporary order was a nullity and a charge of contempt of court could not stand, and defense counsel was ignorant of the applicable criminal laws since the allowed defendant to plead guilty to a crime that was never committed [at paragraph 10]; that defense counsel should have conducted an investigation and ascertained that the temporary order was extinguished as of February 28, 2005, and that

defense counsel denied plaintiff the effective assistance of counsel by failure to conduct an investigation into the crime charged [at paragraph 11]; and that the ineffective assistance of the Albany County Conflict Defender resulted in defendant entering a guilty plea to a crime that plaintiff did not commit and to an incident that was not a crime because no crime was ever committed on March 19, 2005 [at paragraph 12].

57.    On October 18, 2006 Hon. Stephen W. Herrick, Albany County Court Judge, issued a Decision and Order which denied plaintiff's CPL 440.10 motion on the grounds that defendant was in a position to raise a ground or issue in the previous motion but failed to do so.

58.    Subsequently plaintiff made an application for permission to appeal the second Decision of Judge Herrick to the Appellate Division, Third Department.

59.    On December 19, 2006 Hon. Karen J. Peters, Associate Justice, Appellate Division, Third Department granted a motion pursuant to CPL 460.15 granting permission for plaintiff to appeal from the second Order of County Court Judge Herrick dated October 18, 2006 and directing that the appeal would be heard together with

the previous appeal.

60.   In a decision dated October 18, 2007 the Appellate Division, Third Department held that the temporary order of protection upon which the plaintiff's conviction was grounded became a nullity upon the termination of the criminal proceeding on March 14, 2005, and since no permanent order of protection had been issued there was no court order for the plaintiff to violate.   Also the Appellate Division held that plaintiff failed to preserve his claim of no jurisdiction by moving to withdraw his plea, but the Appellate Division held defendant did not waive his claim of ineffective assistance of counsel by his waiver of right to direct appeal.   The Appellate Division found that at the time of his guilty plea plaintiff's defense counsel was under the mistaken belief that the temporary order of protection was valid, and the record did not show that plaintiff knowingly entered a plea in which he admitted violating a court order which was a nullity.   The Appellate Division held that plaintiff's showing was sufficient to warrant a hearing on his motion to vacate judgment pursuant to CPL 440.10 and withheld a determination of plaintiff's appeals and remitted the case to Albany County Court for a hearing on plaintiff's claim of ineffective

assistance of counsel.  <u>People</u> v. <u>Charlotten</u>, 44 AD 3d 1097 (3d Dept. 2007).

61.    On November 14, 2007 and December 5, 2007, Albany County Court Judge Herrick held on plaintiff's 440 application based on the Appellate Division's decision.  At the hearing on December 5, 2007 plaintiff testified that had Mr. Muia told him there was no order of protection in place at the time he was alleged to have violated it, plaintiff would not have pled guilty to the felony of criminal contempt in the first degree.  Plaintiff also testified he had repeatedly requested that the Conflict Defender's office to investigate the order of protection.

62.    In a decision dated May 1, 2008 the Appellate Division, Third Department reversed to the plaintiff's conviction of criminal contempt in the first degree and held that the record supports a finding that a plaintiff's counsel deprived him of meaningful representation by allowing him to plead guilty to a violation of a court order which was a nullity.  The Appellate Division held that since the temporary order of protection which plaintiff admitted to violating was a nullity, plaintiff pled guilty to conduct which did not constitute a crime.  Counsel's failure to recognize the

invalidity of the order of protection amounted to an error on a clear cut and completely dispositive issue, and, since plaintiff demonstrated at the hearing that he would not have plead guilty but for the error by counsel, the Appellate Division held that plaintiff did not receive effective assistance of counsel.  Further, the Appellate Division held that since the temporary order of protection became null and void on March 15, 2005, the subsequently issued Superior Court Information charging plaintiff with a violation thereof must be dismissed.  The Appellate Division reversed the judgment and orders below, granted the motion to vacate Plaintiff's conviction, and dismissed the Superior Court Information.  <u>People</u> v. <u>Steven Charlotten</u>, 51 AD3d 1063 (3rd Dept. 2008).

<u>FIRST CLAIM—FALSE ARREST AND IMPRISONMENT</u>

63.    The allegations contained in paragraphs numbered 1 through 62 are hereby repeated and realleged as if fully set forth herein.

64.    Plaintiff's first claim is against defendants Heid and the City of Albany for violation of his right under the common law of the State of New York to be free from false arrest and illegal imprisonment.

65.    Albany City Court Judge Carter never issued an order of

protection concerning plaintiff Charlotten on December 25, 2004.

66.    Defendant Heid, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so, arrested plaintiff on March 19, 2005 and deprived plaintiff of his freedom of movement.

67.    In arresting plaintiff's freedom of movement on March 19, 2005 and thereafter, defendant Heid intended to confine him.

68.    Plaintiff was conscious of defendant Heid's confinement of him.

69.    Plaintiff did not consent to defendant Heid's confinement of him.

70.    The confinement was not otherwise privileged.

71.    As a direct, legal and proximate result of the defendants' illegal acts and omissions, plaintiff has been damaged and endured violations of his rights to be free from false arrest and imprisonment under the common law of the State of New York; was convicted of a felony, and served two and one-half years in New York State prisons; was deprived of his freedom and enjoyment of life; has experienced stress, mental anguish, humiliation, and damages to his reputation; and there are other unknown injuries and damages of which plaintiff

is not presently aware.

WHEREFORE, plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

a.   That he be compensated for violation of his rights, pain, suffering, mental anguish, and humiliation in the amount of $1,000,000.00; and

b.   That he be awarded punitive damages against the individual defendants in the amount of $5,000,000.00; and

c.   That he be compensated for attorneys' fees and the costs and disbursements of this action; and

d.   For such other further and different relief as to the Court may seem just and proper.

### SECOND CLAIM—FOURTH AMENDMENT ILLEGAL DETENTION

72.   The allegations contained in paragraphs numbered 1 through 71 are hereby repeated and realleged as if fully set forth herein.

73.   Plaintiff's second claim is against defendants Heid and City of Albany for violation of plaintiff's clearly established rights to be free from illegal detention under the Fourth Amendment to the United States Constitution.

74.   In doing all the acts complained of, defendant Heid acted

under color of state law.

75.    As a direct, legal and proximate result of the defendants' illegal acts and omissions, plaintiff has been damaged and endured violations of his rights to be free from false arrest and imprisonment under the Fourth Amendment; was convicted of a felony, and served two and one-half years in New York State prisons; was deprived of his freedom and enjoyment of life; has experienced stress, mental anguish, humiliation, and damages to his reputation; and there are other unknown injuries and damages of which plaintiff is not presently aware.

WHEREFORE, plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

a.    That he be compensated for violation of his rights, pain, suffering, mental anguish, and humiliation in the amount of $1,000,000.00; and

b.    That he be awarded punitive damages against the individual defendants in the amount of $5,000,000.00; and

c.    That he be compensated for attorneys' fees and the costs and disbursements of this action; and

d.    For such other further and different relief as to the Court

may seem just and proper.

<u>THIRD CLAIM---MALICIOUS PROSECUTION</u>

76.     The allegations contained in paragraphs numbered 1 through 75 are hereby repeated and realleged as if fully set forth herein.

77.     Plaintiff's third claim is against defendants Heid and the City of Albany for violation of his right under the common law of the State of New York to be free from malicious prosecution.

78.     Defendant Heid, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so, arrested plaintiff on March 19, 2005.

79.     In arresting plaintiff's freedom of movement on March 19, 2005 and thereafter, defendant Heid intended to confine him.

80.     Plaintiff was conscious of defendant Heid's confinement of him.

81.     Plaintiff did not consent to defendant Heid's confinement of him.

82.     The confinement was not otherwise privileged.

83.     Defendant Heid was personally and actively involved in initiating the prosecution against plaintiff swearing out a criminal information against plaintiff and causing plaintiff to be arraigned

before the City Court of the City of Albany.

84.   There was no probable cause to believe the prosecution of plaintiff for criminal contempt should be commenced or proceed.

85.   Defendant Heid was motivated by malice and reckless indifference in initiating the prosecution against plaintiff.

86.   Defendant Heid was personally and actively involved in the commencement and continuation of criminal proceedings against plaintiff.

87.   Defendant Heid lacked probable cause to continue criminal proceedings against plaintiff.

88.   Defendant Heid was motivated by malice and reckless indifference in continuing the criminal proceedings against plaintiff.

89.   Defendant Heid misrepresented and falsified evidence to the effect that Judge Carter had issued an order of protection against plaintiff on December 25, 2004, to the prosecution, and plaintiff.

90.   Defendant Heid did not make a complete and full statement of facts to the prosecution, and plaintiff.

91.   Defendant Heid withheld exculpatory evidence from the prosecution, and plaintiff.

92.    Defendant Heid misrepresented and falsified evidence throughout all phases of the criminal proceeding.

93.    As a result of the prosecution, plaintiff suffered numerous and repeated post-arraignment liberty restraints.

94.    The criminal proceedings were terminated in plaintiff's favor by the Appellate Division, Third Department, which reversed plaintiff's conviction and dismissed the Supreme Court Information.

95.    As a direct, legal and proximate result of the defendants' illegal acts and omissions, plaintiff has been damaged and endured violations of his rights to be free from malicious prosecution under the common law of the State of New York; was convicted of a felony, and served two and one-half years in New York State prisons; was deprived of his freedom and enjoyment of life; has experienced stress, mental anguish, humiliation, and damages to his reputation; and there are other unknown injuries and damages of which plaintiff is not presently aware.

WHEREFORE, plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

a.    That he be compensated for violation of his rights, pain, suffering, mental anguish, and humiliation in the amount of

$1,000,000.00; and

b.    That he be awarded punitive damages against the individual defendants in the amount of $5,000,000.00; and

c.    That he be compensated for attorneys' fees and the costs and disbursements of this action; and

d.    For such other further and different relief as to the Court may seem just and proper.

### FOURTH CLAIM—FOURTH AMENDMENT MALICIOUS PROSECUTION

96.    The allegations contained in paragraphs numbered 1 through 95 are hereby repeated and realleged as if fully set forth herein.

97.    Plaintiff's fourth claim is against the defendants Heid and the City of Albany for violation of plaintiff's clearly established rights not to be subjected to malicious prosecution under the Fourth Amendment to the United States Constitution.

98.    In doing all of the acts complained of herein, defendant Heid acted under color of state law.

99.    Defendant Heid was personally and actively involved in initiating the prosecution against plaintiff and causing him to be arraigned and prosecuted before the City Court of the City of Albany, the Albany County Grand Jury, and in Albany County Court.

100.   As a direct, legal and proximate result of the defendants' illegal acts and omissions, plaintiff has been damaged and endured violations of his rights to be free from malicious prosecution under the Fourth Amendment; was convicted of a felony, and served two and one-half years in New York State prisons; was deprived of his freedom and enjoyment of life; has experienced stress, mental anguish, humiliation, and damages to his reputation; and there are other unknown injuries and damages of which plaintiff is not presently aware.

WHEREFORE, plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

a.   That he be compensated for violation of his rights, pain, suffering, mental anguish, and humiliation in the amount of $1,000,000.00; and

b.   That he be awarded punitive damages against the individual defendants in the amount of $5,000,000.00; and

c.   That he be compensated for attorneys' fees and the costs and disbursements of this action; and

d.   For such other further and different relief as to the Court may seem just and proper.

<u>FIFTH CLAIM—LEGAL MALPRACTICE</u>

101.   The allegations contained in paragraphs numbered 1 through 100 are hereby repeated and realleged as if fully set forth herein.

102.   Plaintiff's fifth claim is against the defendants Muia, Castillo, and Albany County Conflict Defender under the common law of the State of New York for legal malpractice.

103.   At some time during 2005, defendant Albany County Conflict Defender was assigned to represent plaintiff as assigned counsel pursuant to New York County Law 18-C on the charges of criminal contempt pending in Albany County Court.

104.   Prior to or on August 10, 2005 and at all times thereafter including October 12, 2005, defendant Muia was designated to represent plaintiff as his attorney on the charges of criminal contempt in the first degree in Albany County Court.

105.   On or before October 12, 2005 and at all times thereafter defendant Castillo was the Albany County Conflict Defender and also was designated to represent plaintiff as his attorney on the charges of criminal contempt in the first degree in Albany County Court.

106.   Defendants Muia, Castillo, and Albany County Conflict Defender represented themselves to be skilled, competent, and

careful attorneys at law with the knowledge and capacity to practice law including criminal law in accordance with the standards acceptable in the community.

107.    Defendants owed plaintiff a duty to possess the requisite skill and knowledge necessary to represent him in a criminal case, and the capacity to apply their knowledge and ability in a careful and skillful manner.

108.    Albany City Court Judge Carter never issued an order of protection concerning plaintiff Charlotten on December 25, 2004.

109.    The finding of the Appellate Division, Third Department that Judge Carter never issued an order of protection on December 25, 2004 concerning plaintiff Charlotten is res judicata and collateral estoppel against the defendants and precludes the defendants from relitigating the issue.

110.    The defendant Muia was negligent in advising and causing plaintiff to plead guilty to violating the order of protection issued by Judge Carter on December 25, 2004.

111.    The defendant Muia was negligent in failing to investigate and ascertain whether Albany City Court Judge Carter had issued an order of protection against plaintiff on December 25, 2004.

112.   The defendant Castillo was negligent in failing to make a motion to withdraw his guilty plea to criminal contempt in the appearance for sentencing at October 12, 2005.

113.   The defendant Castillo negligent in failing to investigate and ascertain whether Albany City Court Judge Carter had issued an order of protection against plaintiff on December 25, 2004.

114.   At all times complained of herein, the defendants Muia, Castillo, and the Albany County Conflict Defender did not possess the necessary skill to represent the plaintiff and/or not did not apply the skills they did possess and did not use reasonable care in applying their skill and engaged in poor legal practices which fell below the acceptable standard in the legal community.

115.   The representation rendered by the defendants was not in accordance with the proper legal practice that is generally recognized in the community and fell below acceptable standards commonly possessed by a member of the legal profession.

116.   But for the negligence of the defendants, plaintiff would not have plead guilty, and/or would not have been indicted, and/or would have been acquitted of the charges of criminal contempt for violating the order of protection issued by Judge Carter on December

25, 2004 (which did not exist).

117.   Plaintiff Steve Charlotten was innocent of the charges of criminal contempt for violating an order of protection issued by Judge Carter on December 25, 2004.

118.   Plaintiff suffered the injuries and damages complained of herein without any contribution or want of care on his part.

119.   The criminal proceedings were terminated in plaintiff's favor by the Appellate Division, Third Department, which reversed plaintiff's conviction and dismissed the Supreme Court Information.

120.   As a direct, legal and proximate result of the defendants' illegal acts and omissions, plaintiff has been damaged and endured violations of his rights to be free from legal malpractice under the common law of the State of New York; was convicted of a felony, and served two and one-half years in New York State prisons; was deprived of his freedom and enjoyment of life; has experienced stress, mental anguish, humiliation, and damages to his reputation; and there are other unknown injuries and damages of which plaintiff is not presently aware.

WHEREFORE, plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

a.    That he be compensated for violation of his rights, pain, suffering, mental anguish, and humiliation in the amount of $1,000,000.00; and

b.    That he be awarded punitive damages against the individual defendants in the amount of $5,000,000.00; and

c.    That he be compensated for attorneys' fees and the costs and disbursements of this action; and

d.    For such other further and different relief as to the Court may seem just and proper.

### SIXTH CLAIM—SIXTH AMENDMENT INEFFECTIVE ASSISTANCE OF COUNSEL

121.    The allegations contained in paragraphs numbered 1 through 120 are hereby repeated and realleged as if fully set forth herein.

122.    Plaintiff's sixth claim is against the defendants Muia, Castillo, and the Albany County Conflict Defender for violation of plaintiff's clearly established rights to the effective assistance of counsel under by the Sixth Amendment to the United States Constitution.

123.    in doing all the acts complained of herein, defendants Muia, Castillo, and the Albany County Conflict Defender were acting under color of state law.

124.    The   defendants'   representation   of   plaintiff   was
incompetent, and failed to meet the standard of effective assistance
of counsel required by the Sixth Amendment.

125.    Defendants Muia, Castillo, and the Albany County Conflict
Defender   were   personally   involved   in   representing   plaintiff   and
causing him to be deprived of his rights before the City Court of
the City of Albany, the Albany County Grand Jury, and in Albany County
Court.

126.    The finding of the Appellate Division, Third Department
that Judge Carter never issued an order of protection on December
25, 2004 concerning plaintiff Charlotten is res judicata and
collateral   estoppel   against   the   defendants   and   precludes   the
defendants from relitigating the issue.

127.    The defendants Muia, Castillo, and the Albany County
Conflict Defender were negligent in advising and causing plaintiff
to plead guilty to violating the order of protection issued by Judge
Carter on December 25, 2004.

128.    The defendants Muia, Castillo, and the Albany County
Conflict Defender were negligent in failing to investigate and
ascertain whether Albany City Court Judge Carter had issued an order

of protection against plaintiff on December 25, 2004.

129. The defendants Muia, Castillo, and the Albany County Conflict Defender were negligent in failing to investigate and ascertain whether an order of protection issued by Albany City Court Judge Carter against plaintiff on December 25, 2004 was still valid on March 19, 2005.

130. The defendants Muia, Castillo, and the Albany County Conflict Defender were negligent in failing to make a motion to withdraw his guilty plea to criminal contempt in the appearance for sentencing at October 12, 2005.

131. Defendant Muia acted in an administrative capacity on August 10, 2005 when he caused the grand jury proceedings against plaintiff to be terminated and plaintiff's case to be placed on the calendar of Albany County Court before Judge Herrick.

132. Defendant Muia's administrative transfer of plaintiff's case to Albany County Court for disposition on August 10, 2005 prevented the defendant from investigating whether Judge Carter had actually issued an order of protection concerning plaintiff on December 25, 2004.

133. Defendant Muia's failure to investigate whether there was

a valid order of protection concerning plaintiff issued by Judge Carter on December 25, 2004 was an administrative action.

134.    The Albany County Conflict Defender had a policy not to investigate claims of innocence by defendants charged with violation of an order of protection, when the said defendants claimed no order of protection had been served upon them.

135.    The Albany County Conflict Defender had a policy not to investigate claims of innocence by defendants charged with violation of an order of protection, when the said defendants claimed there was no valid order of protection in effect at the time of their arrest.

136.    The Albany County Conflict Defender had a policy not to investigate claims of innocence by defendants convicted and sentenced for violation of an order of protection, and not to respond to correspondence by said defendants requesting copies of the order of protection which they were convicted of violating.

137.    Defendant Castillo, who was appointed the Albany County Conflict Defender, was a high County official in a policy-making position, and the actions and decisions of the defendant Castillo were attributed to and are the acts of the Albany County Conflict Defender.

138.   The criminal proceedings were terminated in plaintiff's favor by the Appellate Division, Third Department, which reversed plaintiff's conviction and dismissed the Supreme Court Information.

139.   As a direct, legal and proximate result of the defendants' illegal acts and omissions, plaintiff has been damaged and endured violations of his rights to the effective assistance of counsel under the Sixth Amendment; was convicted of a felony, and served two and one-half years in New York State prisons; was deprived of his freedom and enjoyment of life; has experienced stress, mental anguish, humiliation, and damages to his reputation; and there are other unknown injuries and damages of which plaintiff is not presently aware.

WHEREFORE, plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

a.   That he be compensated for violation of his rights, pain, suffering, mental anguish, and humiliation in the amount of $1,000,000.00; and

b.   That he be awarded punitive damages against the individual defendants in the amount of $5,000,000.00; and

c.   That he be compensated for attorneys' fees and the costs

and disbursements of this action; and

d.   For such other further and different relief as to the Court

may seem just and proper.

<u>JURY DEMAND</u>

140.   Plaintiff demands a trial by jury in this action on each

and every one of his claims.


DATED:    Albany, New York
          August 4, 2009

          *Lewis B. Oliver, Jr.*
          LEWIS B. OLIVER, JR., ESQ.
          Bar Roll No. 102303
          Oliver & Oliver
          Attorney for Plaintiff
          156 Madison Avenue
          Albany, New York 12202
          518-463-7962