## CIVIL CASE MANAGEMENT PLAN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

STEVEN CHARLOTTEN,

                Plaintiffs,

- against -

OFFICER LAWRENCE HEID, ALBANY POLICE
DEPARTMENT; THE CITY OF ALBANY; JOSEPH
MUIA, ESQ., ASSISTANT CONFLICT
DEFENDER; GASPAR CASTILLO, ESQ., ALBANY
COUNTY CONFLICT DEFENDER; AND THE
ALBANY COUNTY CONFLICT DEFENDER,

                Defendants.

CIVIL ACTION
NO. 09-CV-0891

HON. LAWRENCE E. KAHN

HON. RANDOLPH F. TREECE

---

    IT IS HEREBY ORDERED that, pursuant to Rule 16(b), Federal Rules of Civil Procedure, a status and scheduling conference will be held in this case before the Hon. Randolph F. Treece, United States Magistrate Judge, on December 16, 2009, at 10:30 A.M. at the United States Courthouse, at Room 406 at Albany, New York.

    Counsel for all parties or individuals appearing pro se in the above-captioned action are directed to confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below. That meeting must be attended in person or, if counsel for the parties are not located in the same city and do not agree to meet in person, then by telephone, and must be held at least twenty-one (21) days before the scheduled Rule 16 Conference. Following that Rule 26(f) meeting, a report of the results of that meeting, in the format set forth below, must be filed with the clerk within fourteen (14) days after the date of the Rule 26(f) meeting or not later than ten (10) days prior to the above scheduled Rule 16 conference with the Court, whichever date is earlier.

-1-

Matters which the Court will discuss at the status conference will include the following: (Insert a separate subparagraph as necessary if parties disagree.)

1) JOINDER OF PARTIES: Any application to join any person as a party to this action shall be made on or before May 4, 2010.

2) AMENDMENT OF PLEADINGS: Any application to amend the pleadings to this action shall be made on or before May 4, 2010.

3) DISCOVERY: All discovery in this action shall be completed on or before September 1, 2010. (Discovery timetable shall be based upon the complexity of the action.)

4) MOTIONS: The deadline for filing and service of pre-answer motions shall be as provided in the Federal Rules of Civil Procedure. All other pre-trial motions, including discovery motions, shall be made on or before September 15, 2010 (Non-dispositive motions including discovery motions may only be brought after the parties have complied with Section IX of General Order #25).

5) PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL: The action will be ready to proceed to trial on or before December 1, 2010. It is anticipated that the trial will take approximately ten (10) days to complete. The parties request that the trial be held in Albany. (The proposed date for the commencement of trial must be within eighteen months of the filing date)

6) HAVE THE PARTIES FILED A JURY DEMAND:  __X__ (YES)/ ___ (NO).

7) DOES THE COURT HAVE SUBJECT MATTER JURISDICTION? ARE THE PARTIES SUBJECT TO THE COURT'S JURISDICTION? HAVE ALL PARTIES BEEN SERVED?

The Court has subject matter jurisdiction over all of the causes of action. The Court has personal jurisdiction over the parties. All the parties have been served.

8) WHAT ARE THE FACTUAL AND LEGAL BASES FOR PLAINTIFF'S CLAIMS AND DEFENDANT'S DEFENSES (INCLUDE COUNTERCLAIMS & CROSSCLAIMS IF APPLICABLE)?

Plaintiff Steven Charlotten was arrested, prosecuted, convicted, and served time in state prison for criminal contempt for violating an order of protection which never existed. Plaintiff alleges that his established federal constitutional rights were violated when defendant police officer Heid arrested and prosecuted him for a nonexistent crime, for which plaintiff claims unlawful arrest and malicious prosecution in violation of the Fourth Amendment. The attorneys who represented plaintiff in County Court, Albany County, advised him to plead guilty to a nonexistent crime and serve to 1 1/3 to 4 years in state prison, for which plaintiff claims legal malpractice and deprivation of plaintiff's liberty and due process in violation of the Fourth and Sixth Amendments. The Appellate Division, Third Department reversed the plaintiff's conviction of criminal contempt and held that the record supports a finding that a plaintiff's assigned counsel deprived him of meaningful representation by allowing him to plead guilty to a violation of a court order which was a nullity. See People v. Charlotten, 44 AD3d 1097 (3rd Dept. 2007), after remand 51 AD3d 1063 (2008).

While defendants generally deny most of the gratuitous assertions made by plaintiff, the defendants contend that the Complaint assumes *de jure* matters to be facts and argues *post hoc ergo propter hoc*, which imposes on defendants Muia and Castillo the necessity of having clairvoyance, assuming the assertions by claimant that he discussed this with either or both of them. At the time, plaintiff - and only the plaintiff - made the decision to plead guilty to a charge of which he was guilty, there most certainly was a charge before the Court to which plaintiff says he entered a guilty plea to limit his sentence to 1-3 but got an accepted 1-1/3 - 4.

Plaintiff was not deprived of anything. He had multiple charges against him and wholesaled them, receiving credit concurrent time, resulting in no more incarceration than he already faced. Charlotten suffered no deprivation of liberty that he was not already going to undergo - as a result of his own criminal conduct. Appellate Division dicta does not give rise to actionable conduct by itself.

9) **WHAT FACTUAL AND LEGAL ISSUES ARE GENUINELY IN DISPUTE?**

Plaintiff contends that the genuine factual issues in

-3-

dispute are, generally, whether the allegations of legal malpractice and deprivation of constitutional rights are true, whether Albany City Court Judge Carter issued any order of protection on December 25, 2004 against plaintiff Steven Charlotten, whether defendant Heid had probable cause to believe plaintiff had violated a non-existent order of protection, whether defendant Heid misrepresented and falsified evidence to the effect that Judge Carter had issued an order of protection against plaintiff on December 25, 2004, whether defendant Heid was personally and actively involved in initiating and continuing the prosecution against plaintiff by swearing out a criminal information against plaintiff and causing plaintiff to be arraigned before the City Court of the City of Albany, whether defendant Muia was negligent in advising and causing plaintiff to plead guilty to violating a non-existent order of protection allegedly issued by Judge Carter on December 25, 2004, whether defendant Castillo was negligent in failing to make a motion to withdraw plaintiff Charlotten's guilty plea to criminal contempt in the appearance for sentencing at October 12, 2005. Plaintiff contends that many of the facts and legal issues set forth in the complaint are not genuinely in dispute, because the defendants are bound by the facts and law as set forth in the decision of the Appellate Division, Third Department under the doctrine of res judicata and/or collateral estoppel.

The defendants contend that Muia did not cause Charlotten to do anything. At the time plaintiff pled guilty, there very much was an extant protection order when Castillo represented Charlotten at his sentencing in October 2005, the defendant Charlotten had openly and knowingly entered a plea of guilty to one of the charges before the Court. Charlotten admitted he – not Muia or Castillo – violated the law. Charlotten bargained and got a cap on sentence. Whatever an Appellate Court later did – on a technicality in procedure – does not open the Lotto jackpot to Charlotten.

Nowhere, when pleading in the Spring of 2005, did Charlotten agree to plea if the charge on the order of protection was not subsumed. He had no reasonable expectation, based on his plea, of anything else.

10) CAN THE ISSUES IN LITIGATION BE NARROWED BY AGREEMENT OR BY MOTIONS? ARE THERE DISPOSITIVE OR PARTIALLY DISPOSITIVE ISSUES APPROPRIATE FOR DECISION ON MOTION?

-4-

Following discovery a stipulation may narrow the issues; and following discovery there probably will be dispositive motions at least as to some of the claims and/or parties.

11) **WHAT SPECIFIC RELIEF DOES PLAINTIFF SEEK? WHAT IS THE AMOUNT OF DAMAGES SOUGHT AND GENERALLY HOW IS IT COMPUTED?**

The plaintiff seeks compensation for deprivation of his right to liberty, unlawful arrest, and unlawful imprisonment as a result of legal malpractice and violation of his constitutional rights to the effective assistance of counsel under the Sixth Amendment, emotional damages and mental anguish and humiliation in the amount of $1,00,000.00 and for punitive damages in the amount of $5,000,000.00 and that he be compensated for attorneys' fees and the costs and disbursements of this action.

Defendants allege Charlotten is entitled to $0 compensatory or punitive damages for anything done by Messrs. Muia and/or Castillo.

12) DISCOVERY PLAN

A) What changes (if any) should be made to the disclosure requirements under Rule 26(a), as well as to the limitations on discovery set forth in the Federal Rules of Civil Procedure, as amended.

None anticipated.

B) When will the mandatory disclosures required under Rule 26(a)(1) be made, or when were they made?

The plaintiff's initial disclosure is being served on December 4, 2009 and therefore will have been served by the date of the Conference.

The defendants initial disclosures shall be served on or before January 13, 2010. Many of the documents to be disclosed under FRCP 26(a)(1) are not in possession of the responding defendants. Requests have been made to the Clerk of Albany County, Clerk of City Court Criminal Section, Clerk of Albany County Court, NYS Bureau of Prisons, Albany County District

Attorney, and NYS Commission of Corrections. It will take some time to assemble, but will be supplied as soon as possible.

C) Describe the timetable for discovery, identify the subjects to be addressed, state whether discovery should be conducted in phases, and discuss why there are no less costly and time consuming alternative methods available to obtain the same information.

Discovery should be scheduled so that it will be completed by September 1, 2010. Discovery will address all factual and legal issues in dispute, and there are no less costly and time consuming alternative methods to obtain the same information in the form of admissible evidence.

D) What forms of discovery does each party intend to pursue?

The parties shall serve document discovery demands, interrogatories, notices to admit, and other discovery demands followed by depositions of the parties, witnesses, and experts if any.

E) Are any protective orders required or requested under Fed. R. Civ. P. 26(c)?

The parties do not know or anticipate any at this time.

13) IS IT POSSIBLE TO REDUCE THE LENGTH OF TRIAL BY STIPULATIONS, USE OF SUMMARIES OR STATEMENTS, OR OTHER EXPEDITED MEANS OF PRESENTING EVIDENCE? IS IT FEASIBLE AND DESIRABLE TO BIFURCATE ISSUES FOR TRIAL?

It is too early to determine what steps, if any, would expedite any trial. The issues for trial should not be bifurcated.

14) ARE THERE RELATED CASES PENDING BEFORE THE JUDGES OF THIS COURT?

No.

15) IN CLASS ACTIONS, WHEN AND HOW WILL THE CLASS BE CERTIFIED?

Not applicable.

16) WHAT ARE THE PROSPECTS FOR SETTLEMENT?

Please circle below the prospect for settlement:

1   2   3   4   5   6   7   8   9   10
(VERY UNLIKELY)----------------------(LIKELY)

CANNOT BE EVALUATED PRIOR TO ___ close of discovery

HOW CAN SETTLEMENT EFFORTS BE ASSISTED?  Settlement is unlikely at this point and may be re-evaluated after close of discovery.

—7—

*COMPLETE QUESTION 17 ONLY IF YOUR FILING ORDER COVER SHEET WAS CHECKED AS AN ADR TRACK CASE. THE PROGRAMS LISTED BELOW ARE COURT-ANNEXED AND NON-BINDING.*

17) IF YOUR CASE WAS SELECTED AS A QUALIFYING CONTRACT, TORT, OR NON-PRISONER CIVIL RIGHTS ACTION, PLEASE SELECT THE PREFERRED ADR METHOD:

      ___ ARBITRATION

      _X_ MEDIATION

      ___ EARLY NEUTRAL EVALUATION

Pursuant to Fed. R. Civ. P. 26(f) draft Plans were circulated between the attorneys on October 2, 2009 and November 24, 2009 as follows:

Lewis B. Oliver, Jr., Esq., attorney for plaintiff Steven Charlotten.

Andrew H. Wood, Esq., Assistant Corporation Counsel, attorney for defendants Officer Lawrence Heid, City of Albany, and Albany Police Department.

Robert P. Roche, Esq., attorney for defendants Joseph Muia, Esq., Gaspar Castillo, Esq., and the Albany County Conflict Defender.

At the Rule 16(b) conference, the Court will issue an order directing the future proceedings in this action. The parties are advised that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).

Please detach this form and return it to the Court ten (10) days in advance of the conference date.

Please attach a signature page for all counsel indicating the party or parties that you represent.

November 24, 2009
DATED

_Lewis B. Oliver, Jr._
LEWIS B. OLIVER, JR., ESQ.
Bar Roll No. 102303
Oliver & Oliver
Attorney for Plaintiff Charlotten
156 Madison Avenue
Albany, New York 12202
518-463-7962

November    , 2009
DATED

ANDREW H. WOOD, ESQ.
Bar Roll No. 514196
Attorney for Defendants
Officer Lawrence Heid, City of
Albany, and Albany Police
Department
Assistant Corporation Counsel
City Hall
Albany, New York 12207
518-434-5050

November    , 2009
DATED

ROBERT P. ROCHE, ESQ.
Bar Roll No. 102462
Attorney for Defendants
Joseph Muia, Esq., Gaspar
Castillo, Esq., and the Albany
County Conflict Defender
36 South Pearl Street
Albany, New York 12207
518-436-9370

-10-

November 24, 2009
DATED

LEWIS B. OLIVER, JR., ESQ.
Bar Roll No. 102303
Oliver & Oliver
Attorney for Plaintiff Charlotten
156 Madison Avenue
Albany, New York 12202
518-463-7962

November ·  , 2009
DATED

ANDREW H. WOOD, ESQ.
Bar Roll No. 514196
Attorney for Defendants
Officer Lawrence Heid, City of
Albany, and Albany Police
Department
Assistant Corporation Counsel
City Hall
Albany, New York 12207
518-434-5050

November 25, 2009
DATED

ROBERT P. ROCHE, ESQ.
Bar Roll No. 102462
Attorney for Defendants
Joseph Muia, Esq., Gaspar
Castillo, Esq., and the Albany
County Conflict Defender
36 South Pearl Street
Albany, New York 12207
518-436-9370

-10-